# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007  Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-1594

**Caption [use short title]**

**Motion for:** to Dismiss for Lack of Jurisdiction

Set forth below precise, complete statement of relief sought:

Motion to dismiss interlocutory appeal for lack of jurisdiction.

Walker v. Town of Greenburgh

**MOVING PARTY:** Lakeisha Walker and Otte Armstrong
**OPPOSING PARTY:** D. Jakasal, et al.

[✓] Plaintiff   [ ] Defendant
[ ] Appellant/Petitioner   [✓] Appellee/Respondent

**MOVING ATTORNEY:** Lissa Green-Stark
**OPPOSING ATTORNEY:** William H. Bave
[name of attorney, with firm, address, phone number and e-mail]

Brett H. Klein, Esq. PLLC
305 Broadway, Suite 600, NY, NY 10007
(212) 335-0135, lgreen-stark@kleincivilrights.com

Wilson, Bave, Conboy, Cozza & Couzens L.L.P.
707 Westchester Avenue, White Plains, N.Y. 10604
914-686-9010, william@wbccc.com

**Court- Judge/ Agency appealed from:** SDNY, USDJ Cathy Seibel

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes  [ ] No (explain):_____

Opposing counsel's position on motion:
[ ] Unopposed  [✓] Opposed  [ ] Don't Know

Does opposing counsel intend to file a response:
[✓] Yes  [ ] No  [ ] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  [ ] Yes [✓] No
Has this relief been previously sought in this court?  [ ] Yes [✓] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  [✓] Yes  [ ] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes [✓] No  If yes, enter date:_____

**Signature of Moving Attorney:**

s/ Lissa Green-Stark   Date: January 2, 2023   Service by: [✓] CM/ECF  [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

# 22-1594

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**LAKEISHA WALKER and OTTE ARMSTRONG,**

                              Plaintiffs-Appellees,

V.

**D. JAKASAL, individually, E.M. OLSON, individually, D.A. VALENTINE, individually, D.P. OMALLEY, individually, I. YUAN, individually, M.T. PACINO, individually, and JOHN and JANE DOE 1 through 10, individually,**

                              Defendants-Appellants,

and

**TOWN OF GREENBURGH,**

                              Defendant.

## PLAINTIFFS-APPELLEES' MOTION TO DISMISS APPEAL
## FOR LACK OF JURISDICTION

**BRETT H. KLEIN, ESQ., PLLC**
*Attorneys for the Plaintiffs*
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

# TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................................................................ii

INTRODUCTION……….…................................................................................1

ARGUMENT……………………………………………………………………..1

    I.      THE COURT LACKS JURISDICTION TO HEAR THIS APPEAL…….1

          A. Probable Cause and Arguable Probable Cause to Arrest cannot be Determined as a Matter of Law……………………………………….3

          B. Probable Cause and Arguable Probable Cause to Prosecute, and Whether Jakasal Conveyed False Information, Cannot be Determined as a Matter of Law ……….………...……………………….………10

CONCLUSION...................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Allianz Ins. Co. v. Lerner*, 416 F.3d 109 (2d Cir. 2005) ............................................6

*Bouche v. Oliveri*, 506 F. App'x 29 (2d Cir. 2012)..............................................2, 4

*Cowan ex rel. Estate of Cooper v. Breen,* 352 F.3d 756 (2d Cir. 2003) ...................1

*Escalera v. Lunn,* 361 F.3d 737 (2d Cir. 2004).........................................................2

*Est. of George v. Batista*, 480 F. App'x 104 (2d Cir. 2012) ................................3, 4

*Golio v. Suggs*, 285 F. App'x 773 (2d Cir. 2008) .................................................1, 2

*Johnson v. Jones,* 515 U.S. 304, 314 (1995).........................................................2, 4

*Locurto v. Safir*, 264 F.3d 154 (2d Cir. 2001)......................................................2, 3

*O'Bert ex rel. Estate of O'Bert v. Vargo,* 331 F.3d 29 (2d Cir. 2003)......................2

*Salim v. Proulx*, 93 F.3d 86 (2d Cir. 1996) ...............................................................3

*Saucier v. Katz,* 533 U.S. 194 (2001)........................................................................2

# INTRODUCTION

Defendants-appellants seek this interlocutory appeal of the July 15, 2022 order of the Honorable Cathy Seibel (hereinafter "district court") denying Defendants-appellants' motion for summary judgment on the basis of qualified immunity. The district court's determination that qualified immunity was unavailable rested on a finding that there were genuine issues of fact for trial regarding whether marijuana was found in the room of Otte Armstrong and whether two entry officers, Giovanni Fomaro and Edgar DeMelo, saw movement inside of a room later found to be locked and to contain contraband, which plaintiffs were prosecuted for constructively possessing. SPA 31. Plaintiffs-appellees now bring this motion to dismiss on jurisdictional grounds because, given the many material issues in dispute, defendants-appellants' appeal cannot turn on purely legal issues as required for this Court to exercise jurisdiction over an interlocutory appeal.

# ARGUMENT

## POINT I
## THE COURT LACKS JURISDICTION TO HEAR THIS APPEAL

Generally, "the denial of a motion for summary judgment is not immediately appealable because such a decision is not a final judgment." *Golio v. Suggs*, 285 F. App'x 773, 774 (2d Cir. 2008) (quoting *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 760 (2d Cir. 2003) (quoting *O'Bert ex rel. Estate of O'Bert v. Vargo*,

331 F.3d 29, 38 (2d Cir. 2003)). Despite this general prohibition, an interlocutory appeal from a district court's denial of a defendant's motion for summary judgment on the basis of qualified immunity may be taken under some circumstances. *Golio*, 285 F. App'x at 774 (citing *Saucier v. Katz,* 533 U.S. 194, 200 (2001)). "Such jurisdiction is nevertheless limited to circumstances where the qualified immunity defense may be established as a matter of law." *Golio*, 285 F. App'x at 774 (quoting *Escalera v. Lunn,* 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted)); *Bouche v. Oliveri*, 506 F. App'x 29, 30 (2d Cir. 2012). "Applying this test, [the Second Circuit has] permitted an interlocutory appeal from an order denying qualified immunity where the facts as alleged by plaintiff are assumed to be true, and the only question for appellate review is the legal determination whether the defendant official's conduct violated a clearly established constitutional right." *Locurto v. Safir*, 264 F.3d 154, 163 (2d Cir. 2001).

"Equally clear is that a defendant 'may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial,' since such an order is not truly separable from the merits of the action." *Id.* (citing *Johnson v. Jones,* 515 U.S. 304, 314, 319-20 (1995)). "Thus, [the Second Circuit has] dismissed appeals for lack of appellate jurisdiction where the only point challenged by the defendant was the district court's conclusion that a genuine issue of material fact existed regarding whether the

defendant actually committed the acts alleged by the plaintiff." *Locurto*, 264 F.3d at 163 (collecting cases); *see also, Est. of George v. Batista*, 480 F. App'x 104, 105 (2d Cir. 2012) ("we may not collaterally review a district court's determination that the pretrial record sets forth a 'genuine' issue of fact for trial."); *Salim v. Proulx*, 93 F.3d 86, 91 (2d Cir. 1996) (the Second Circuit cannot "entertain an interlocutory appeal in which a defendant contends that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to create a jury issue on the facts relevant to the defendant's immunity defense.")

Here, defendants-appellants have not accepted plaintiffs-appellees facts as true for the purposes of appeal. To the contrary, defendants-appellants' arguments all rest on the premise that the district court erroneously found plaintiffs-appellees' evidence was sufficient to create a jury issue on the facts relevant to the defendants-appellants' immunity defense. Thus, as addressed more fully, *infra*, this Court lacks jurisdiction to hear the appeal. *See id.*

### A. Probable Cause and Arguable Probable Cause to Arrest cannot be Determined as a Matter of Law

In support of their appeal of the district court's decision denying qualified immunity as to plaintiff's false arrest claim, defendants principally argue that it was reasonable to arrest plaintiffs for constructive possession of contraband found in a locked room because two officers, Fomaro and DeMelo, who were outside the subject residence, purportedly saw movement in the locked room during the initial

3

clearing of the house. Appellants' Brief, ECF Doc. 49 p. 35-36. This argument cannot properly be presented in an interlocutory appeal, however, given that the district court held that plaintiffs-appellees submitted sufficient evidence to dispute the contention that Fomaro and DeMelo observed movement inside the locked room. SPA-11-12, 27-28, 31.

Insofar as the district court found that there were differing versions offered by the parties such that probable cause and arguable probable cause was a question for the jury, the district court's decision is not appealable. *See Johnson*, 515 U.S. at 314 (holding that jurisdiction is lacking where "a defendant simply wants to appeal a district court's determination that the evidence is sufficient to permit a particular finding of fact after trial"); *Bouche*, 506 F. App'x at 31 (holding the Second Circuit did not have jurisdiction to hear defendants' appeal where the district court determined that the defendant officers did not show that their conduct was objectively reasonable as a matter of law). Defendants nonetheless press their argument expressly asserting that the district court's conclusion that a question of fact existed was erroneous. Appellants' Brief, Doc. 49 p. 38. "On interlocutory appeal, however, [the Second Circuit] may not consider whether the district court accurately assessed the record in addressing the sufficiency of the evidence to create a jury issue on the facts relevant to the qualified immunity claim." *Est. of George*, 480 F. App'x at 106.

Moreover, a closer look at the district court's findings underscores that no error was committed here. The district court correctly recognized that plaintiffs sufficiently disputed defendants-appellants' assertion that Fomaro and DeMelo observed movement on three grounds:

> First, [plaintiffs] state the Locked Room was inaccessible to anyone other than Otto Jr., and that neither plaintiff entered that room before leaving the house at the officers' command. Second, they dispute that Fomaro and DeMelo were referring to the Locked Room window when they called out about the second window because the Locked Room window was the first window to the right of the officers' positioned near the front door, and the second window was the window to Joyce and Otto Sr.'s room. Third, they dispute that the officers were looking at or focused on the Locked Room window at the time these statements were made, citing video footage from some 40 seconds later which plaintiffs say shows both officers pointing their guns at Joyce and Otto Sr.'s bedroom. SPA-11-12.

The district court properly determined that the above assertions created a material fact for the jury and were sufficient to permit a jury to find that Fomaro and DeMelo were being untruthful when they claimed for the first time on record in their September 2021 affidavits submitted in support of defendants-appellants' motion for summary judgment, that over four years prior, their exclamations captured on video that there was movement in the "second" or "right" window referred to the window of the locked room, which is the first and left most window on the second floor. JA-44, 77-79, 80-83, SPA 27-28. Moreover, plaintiffs' testimonies that they neither

entered the room nor had access to it, if accepted as it must be for purposes of summary judgment, is alone sufficient to create a material question of fact because if neither plaintiff entered nor could have entered the locked room, then it would be impossible for Fomaro or DeMelo to have seen a person inside the room parting the window blinds. SPA-27-28.

Defendants attempt to circumvent these material issues of fact by arguing that the district court should have accepted that Fomaro and DeMelo conveyed to Olson during the search warrant execution that they had seen movement in the locked room, and that this knowledge can be imputed on defendant Jakasal under the collective knowledge doctrine. Appellants' Brief, ECF Doc. 49, p. 43-44. This specific argument was not advanced below and thus not directly reached by the district court and should be rejected for this reason alone. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005)("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). Regardless, as discussed *infra*, the material disputes set forth above also create a dispute regarding the conveyance of this information.

The only undisputable evidence in the record regarding what was seen and said on the date of plaintiffs' arrests about movement in the windows is that during the police entry, Fomaro and DeMelo, who were outside the home, called out that they saw movement in a window which they referred to as the right or second

6

window. JA-44. Any testimony or affidavits provided during litigation by defendant or witness officers that the right or second window referred to the locked room, or that Fomaro or DeMelo informed anyone that they saw movement in the locked room before plaintiffs exited the home, is sufficiently disputed by plaintiffs' testimonies that they never entered, nor could they enter, the locked room.

If a jury credited plaintiffs' testimonies that they never entered, nor could they have entered the locked room, a jury could reasonably discredit any litigation testimony or affidavits produced for the first time during summary judgment practice asserting that the movement discussed on video was observed in the locked room, rather than the second and right most window, which corresponds to Joyce and Otto, Sr.'s bedroom. SPA-12. Further, if a jury credited plaintiffs and therefore credited that to the extent movement was observed, it was in Joyce and Otto, Sr.'s bedroom, a jury could likewise credit that Fomaro and DeMelo also did not inform anyone on May 3, 2017 that they had observed movement in the locked room, because they had not in fact made such an observation on that date. Therefore, defendants' argument that Olson and, via the collective knowledge, the remaining appellants-defendants could purportedly rely on Fomero and DeMelo's observation must be rejected because the observation itself is disputed, as is the conveyance of the observation.

Moreover, defendants need not have been informed on May 3, 2017 that the locked room was only accessible to Otto Jr. for a question of fact to exist regarding

7

probable cause to arrest plaintiffs as defendants suggest here. Appellants' Brief, ECF Doc. 49 p. 37. Nor is this the only basis that plaintiffs' dispute Fomaro or DeMelo's alleged observation for that matter. SPA 11-12. The record establishes that in advance of the search or during the search, defendants were aware which room belonged to Otte, and which room was occupied by Joyce and Otto Sr., and that Otto Jr. was believed to also be an occupant of the home, and thus logically the occupant of the third locked bedroom. JA-392, JA-628. Therefore, defendants could have reasonably inferred on their own that the third locked bedroom, which contained items belonging to a male who wore different size shoes than Otte was likely Otto Jr.'s room, or at a minimum that it was not Otte's room. SPA-30-31. Further, because they found the room locked and did not find a key in possession of either plaintiff, defendants did have reason to question whether plaintiffs, and Walker in particular, had access to the room. SPA-30, 34.

In sum, there are two diametrically different versions of events that a jury could credit here. A jury could credit plaintiffs' version, which is that the door was locked when the police arrived, contained items that belonged to Otto, Jr., including sneakers that were his size and not Otte's size, and drug related items, including alleged PCP, which Otto, Jr., not Otte, was known by defendants in advance of the search to have a history of possessing. SPA-8, 31. A jury could also find that defendants contrived a post-hoc means of linking plaintiffs-appellees to the room by

8

claiming video footage referring to movement in a right or second window was actually referring to movement in the first, or left most window on the second floor. If plaintiffs' version is credited, then a jury could also find probable cause was lacking. *See* SPA 30. While theoretically a jury could credit defendants' disputed version of events that either Walker or Otte purportedly went into the locked room, looked out the window, and then locked the door to try to avoid culpability for the contraband inside the room, the jury could likewise reject this version and credit plaintiffs' version, and thus this Court cannot determine qualified immunity as a matter of law.

Given the above, the district court properly held that "issues remain as to whether what [Fomaro and DeMelo] claim they sa[w] could reasonably have been seen, and if they were even referring to the Locked Room window when they made the statements on the video" which are "credibility questions for the jury." SPA-29. The district court likewise properly recognized that "[b]ecause there is a fact dispute on whether it was reasonable to believe that the room was not locked when the police first arrived, [the court could not] find as a matter of law that defendants had even arguable probable cause." SPA-30. Finally, the district court also properly rejected defendants' argument that objects found in the locked room shared common personality to objects in Otte's room such that probable cause could be inferred. SPA 30-31. Whether the objects shared sufficient commonality for probable cause

9

to be reasonably inferred therefrom is, in any event, also a material question that must be determined by a jury.

### B. Probable Cause and Arguable Probable Cause to Prosecute, and Whether Jakasal Conveyed False Information, Cannot be Determined as a Matter of Law

As discussed above, the district court properly found that questions of material fact precluded a finding of probable cause or arguable probable cause to arrest. These same questions of fact preclude a finding that there was probable cause to prosecute. SPA-35. Moreover, the district court also correctly found that there were additional questions of fact impacting whether defendant Jakasal had initiated a malicious prosecution, including whether he withheld material information from prosecutors by describing the room in which the PCP was found simply as a "common area," omitting the fact that the room was locked and that investigators had to break through the door with the Halligan tool, and by falsely conveying to prosecutors that there was marijuana in Otte's room. SPA-33-34. The district court further determined that "these omissions or fabrications, if proven, could affect the prosecutor's assessment of the case, given the fact that charges were brought under a constructive possession theory that required circumstantial evidence of control and dominion over the area in which the drugs were found" and accordingly found that "fact issues preclude[d] summary judgment in defendants' favor on the denial of the fair trial claim." SPA-42. Defendants-Appellants neither accept these facts as true

10

nor do they even address these findings in their brief. Further, they provide no explanation for what basis this Court can exercise jurisdiction given these material facts found by the district court. As such, defendants-appellants have failed to raise purely legal issues as required for this Court to exercise jurisdiction over an interlocutory appeal as to plaintiffs-appellees' malicious prosecution and right to fair trial claims as well.

Considering the district court's findings as excerpted above and set forth more fully in the district court's order denying summary judgment, defendants-appellants have no other argument available to them other than to argue that the evidence is insufficient to create a factual dispute, notwithstanding that the district court unequivocally found otherwise. Defendants-appellants' apparent disagreement with the district court's clear finding that there was sufficient evidence in the record to create a genuine dispute of fact is not, however, a basis for an interlocutory appeal, and because a final order has not yet been issued by the district court, this Court lacks jurisdiction over this appeal and should therefore dismiss defendants-appellants' appeal.

# CONCLUSION

For the foregoing reasons this appeal should be dismissed for lack of jurisdiction.

Dated:   New York, New York
         January 2, 2022

                                      Respectfully submitted,

                                      BRETT H. KLEIN, ESQ., PLLC
                                      Attorneys for Plaintiff-Appellee
                                      305 Broadway, Suite 600
                                      New York, New York 10007
                                      (212) 335-0132

                          By:   *Brett Klein*
                                _____
                                      BRETT H. KLEIN
                                      LISSA GREEN-STARK